NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0531n.06
Case No. 19-1797

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | **FILED** |
| *Plaintiff-Appellee*, | ) | Sep 14, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JACOB HOLLIN, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| *Defendant-Appellant.* | ) | |

Before: BATCHELDER, STRANCH, and MURPHY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Jacob Hollin appeals his sentence, arguing that the district court plainly erred by finding him to be a career offender. We disagree and affirm.

Jacob Hollin entered a guilty plea to two counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Based on two prior Michigan convictions for controlled-substance offenses, in violation of M.C.L. § 333.7401(2)(a)(iv), the presentence investigation report (PSR) scored him as a career offender. U.S.S.G. § 4B1.1(b)(2).

As a career offender, Hollin's advisory guidelines sentencing range was 188 to 235 months in prison. Without the career-offender classification, his advisory sentencing range would have been 100 to 125 months. Hollin did not object to the PSR or object to the career-offender determination at his sentencing, but he did move for a downward variance based on the 18 U.S.C. § 3553(a) factors, which the district court granted, sentencing him to 160 months.

In this appeal, Hollin argues that the district court committed plain error by failing to sua sponte determine that he is not a career offender based on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), which was published approximately six weeks before his sentencing,

but which Hollin—represented by the same counsel who represents him in this appeal—did not raise or argue to the district court. Because, as Hollin concedes, he did not bring this alleged error or theory to the attention of the district court, he forfeited his challenge to the alleged error, and we review for only plain error. *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017).

To obtain relief on "plain error" review, Hollin must prove "(1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected [his] substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). "Meeting all four prongs is difficult, as it should be." *United States v. Doxey*, 833 F.3d 692, 709 (6th Cir. 2016) (quotation marks and citation omitted). Hollin cannot do so.

Hollin argues that an error occurred in his sentencing because, as he sees it, our en banc decision in *Havis* precludes the use of convictions under M.C.L. § 333.7401(2)(a)(iv) for application of the career-offender enhancement of U.S.S.G. § 4B1.1. We held in *Havis*, 927 F.3d at 385-87, that a Tennessee statute criminalizing the sale and delivery of narcotics, T.C.A. § 39-17-417(a)(2)-(3), encompassed "attempt," whereas the text of § 4B1.2 did not (despite the associated commentary), so the Tennessee statute did not satisfy the categorical approach. Hollin argues that, because the Michigan statute here is nearly identical to the Tennessee statute at issue in *Havis*, it likewise fails a categorical analysis, so it cannot support a career-offender enhancement and, consequently, the district court erred in sentencing Hollin by finding that it did.

Since *Havis*, however, two courts have considered this same attack on M.C.L. § 333.7401 and both have rejected it. *See United States v. Tillman*, No. 1:07-CV-197, 2020 WL 1950835, at *3 (W.D. Mich. Apr. 23, 2020) (*citing United States v. Havis*, 929 F.3d 317 (6th Cir. 2019) (denial of motion for reconsideration) (Sutton, J., concurring)); *United States v. Powell*, No. CR 5:19-069-

DCR, 2019 WL 6617397, at *2-3 (E.D. Ky. Dec. 5, 2019) (same). Regardless of whether these two courts were correct—and we take no position on that here—by rejecting Hollin's identical argument, they demonstrate that even if the district court erred at Hollin's sentencing, that error was not "plain." The reasoning of these cases shows that *Havis* does not "clearly answer the question presented." *United States v. Cavazos*, 950 F.3d 329 337 n.3 (6th Cir. 2020); *cf. United States v. Pittman*, 736 F. App'x 551, 555-56 (6th Cir. 2018). Therefore, Hollin cannot obtain relief under plain-error review.

For the foregoing reasons, we AFFIRM the judgment of the district court.